IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENRIQUE R. SANDOVAL,

    Plaintiff,

v.                                       No. CIV-07-0391 WJ/RLP

CENTRAL N.M. DEPARTMENT OF CORRECTIONS,
WARDEN ULLABARRI [sic],
CNMCF-MEDICAL DEPARTMENT, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendants will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names Central N.M. Department of Corrections, Warden Ullabarri [sic], and CNMCF-Medical Department. Plaintiff alleges that he suffered severe abdominal pain while he was incarcerated at the Central New Mexico Correctional Facility. Defendants failed and refused to provide adequate medical treatment for Plaintiff's condition, in violation of his rights under the Eighth Amendment. Plaintiff seeks equitable relief and damages.

No relief is available on Plaintiff's claims against Defendants Central N.M. Department of Corrections and CNMCF-Medical Department. Claims against these Defendants are equivalent to a suit against the State itself, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus Plaintiff's allegations fail to state claims against "persons" for purposes of § 1983. *Will*, 491 U.S. at 71. "The Supreme Court held in *Will* that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983. As we explained. . . , "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.' " *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted); *and cf. Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (noting exception where complaint "seek[s] to prospectively enjoin a state official from violating federal law."). Plaintiff's claims against these Defendants will be dismissed.

For his § 1983 claims, Plaintiff alleges that he made direct requests to "medical" and "security" but the requests were refused. He makes no allegation of personal involvement by Defendant Ullabarri [sic], the warden of the facility, thus failing to affirmatively link him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a

2

defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's § 1983 claims against Defendant Ullabarri [sic].

Plaintiff's claims for declaratory and injunctive relief are now moot because he is no longer confined at the Central New Mexico Correctional Facility, where the alleged violations occurred. *Cf. Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding prisoner's release mooted his claims seeking declaratory and injunctive relief as to conditions of confinement). The Court will dismiss these claims.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Central N.M. Department of Corrections, Ullabarri [sic], and CNMCF-Medical Department are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint identifying individuals responsible for the alleged violations.

_____
UNITED STATES DISTRICT JUDGE