IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENRIQUE R. SANDOVAL,

      Plaintiff,

v.                                        Civ. No. 07-391 WJ/RLP

PNM SANTA FE N.M.
SOUTH FACILITY, *et al.*,

      Defendants.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>[1]

    1.      This is a proceeding brought pursuant to 42 U.S.C. § 1983.  Plaintiff claims Eighth Amendment violations based on lack of medical care.  In his Second Amended Complaint [Doc. 15] he alleged that he had filed an "informal" grievance with prison officials. In their Answer [Doc. 22], Defendants assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

    2.      The Court requested a *Martinez* Report from Defendants, asking for documents concerning whether Plaintiff had exhausted his administrative remedies. [Doc. 28].  Defendants submitted the Affidavit of Ralph Casaus, who unequivocally averred that "after a complete review of the grievance logs at the Penitentiary of New Mexico, Enrique Sandoval did not file any grievances while he was incarcerated at any of the facilities at the Penitentiary of New Mexico complex . . . ." Exhibit A to *Martinez* Report [Doc. 29-2].

---

[1]  Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

3.      Plaintiff then submitted to the Court copies four grievances, dated March 28, 2007 [Doc. 31]; March 27, 2008, February 13, 2008, and December 30, 2007 [Doc. 32], which were filed with prison officials.  The March 28, 2007 grievance complains about the medical treatment Plaintiff was receiving.  The grievance was returned to Plaintiff because he failed to utilize the informal complaint procedure, CD-150501.  *See* Doc. 31.

4.      The March 27, 2008 grievance was accepted for consideration, but was ultimately denied.  The officials stated that Plaintiff had sought to be given Ensure, but since that drink was only given to patients with extreme weight loss and Plaintiff had gained weight, the grievance was denied.  *See* Doc. 32.

5.      The February 13, 2008 grievance concerned Plaintiff's gastrointestinal problems and his belief that he wasn't getting the proper medications for his condition.  The grievance was accepted and determined to be resolved because the problems with the pharmacy had been resolved and Plaintiff's medications were on their way.  *See* Doc. 32.

6.      The December 30, 2007 grievance asked for emergency care and it was determined that the issue had been resolved because Plaintiff was set up for an outside consultation during the next two weeks.  *See* Doc. 32.

7.      Defendants' second *Martinez* Report [Doc. 36] states that Plaintiff attempted to file a grievance on or about July 24, 2007, which was rejected because Plaintiff failed to avail himself of the prison's informal complaint process.  *See* Second *Martinez* Report [Doc. 36], Exhibit A thereto, at ¶¶ 7-10.  Defendants also state that Plaintiff was transferred to another facility on or about November 27, 2007 and Plaintiff filed three grievances there.  *Id*. at ¶¶ 11-12, which evidently are the grievances discussed in the foregoing paragraphs.

8.     Plaintiff's Response to the Second *Martinez* Report [Doc. 37] does not indicate that he has filed other grievances or that he availed himself of the prison's policies on appealing adverse decisions.  In his Second Amended Complaint [Doc. 15], Plaintiff complains of lack of medical treatment for his gastrointestinal condition.  The grievances discussed above all concern his perceived lack of medical care for these problems.  But two grievances were resolved and none were appealed as provided in the prison''s policy.  *See* New Mexico Corrections Department Policy CD-150500, ¶ D at page 4, attached as Exhibit B to the Second *Martinez* Report [Doc. 36].

9.     "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  Plaintiff has put nothing before the Court to indicate that he completed the grievance process on the two 2007 grievances, or that he was dissatisfied with the resolution of the 2008 grievances and thereby appealed the prison's decisions.

10.    Accordingly, this case should be dismissed without prejudice for Plaintiff's failure to comply with the provisions of the PLRA.  Due to this recommendation, the Court also finds that Plaintiff's Motion for Evidentiary Hearing [Doc. 38] should be denied.

<u>RECOMMENDED DISPOSITION</u>

I recommend that Plaintiff's Motion for Evidentiary Hearing [Doc. 38] be denied and this case dismissed without prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge

3